JOHN P. JEWETT *vs.* CHARLOTTE PHILLIPS & another.

If the return of commissioners appointed to receive and examine claims against the insolvent estate of a deceased person had not been made at the time of the enactment of Gen Sts. *c.* 99, § 18, the distribution of the assets should be made in the manner therein provided.

The assignee of an insolvent debtor deposited the funds which came to his possession in a firm of which he was a member, and afterwards died, leaving his own estate and that of his firm insolvent. The new assignee was allowed without objection to prove a claim for the amount so deposited against the estate of the firm in insolvency, and received a dividend thereon. *Held,* that in proving for the balance against the estate of the deceased his right to a dividend should be postponed until after payment in full of the claims of private creditors.

APPEAL from the decision of commissioners on the insolvent estate of Moses D. Phillips, deceased. .

At the hearing it appeared that Phillips was assignee of Charles B. Clark, insolvent debtor, and paid the funds which came to his possession as such assignee into the firm of Phillips, Sampson & Co., of which he was a member, keeping an account on the books of the firm with the " Estate of . Charles B. Clark." After the death of Phillips, his surviving partners went into insolvency, and the plaintiff, who was the new assignee of Clark, was allowed without objection to prove against their estate the amount appearing on their books as due to the estate of Clark, and received dividends of seventy-six per cent. thereon. The estate of Phillips was also represented insolvent, and commissioners were appointed on the 14th of January 1860 to receive and allow claims against it, who allowed to the plaintiff the residue of the above claim, after deducting the dividends received by him. · The commissioners also made two lists, one of individual claims, and the other of partnership claims, including the claim of the plaintiff under the latter head.

The plaintiff insisted that his claim should be allowed as an individual claim against the estate of Phillips ; and this question was reserved by *Hoar,* J. for the determination of the whole court.

*S. E. Sewall,* for the plaintiff.

*H. Jewell*, for the defendants, executors of Phillips.

*C. H. Hill*, for a separate creditor of Phillips.

HOAR, J. The first question which arises in this case, and an interesting one, is, whether the proof of claims and distribution of assets, in the settlement of the estate of the deceased insolvent, are to be governed by the General Statutes, which went into operation June 1, 1860, or by the statutes previously in force. Before the General Statutes were in force, there was no distinction between partnership and individual creditors, in respect to their proof of claims against the estate of a deceased insolvent; and they were entitled to share *pari passu* in the distribution. *Wilby* v. *Phinney*, 15 Mass. 116. *Sparhawk* v. *Russell*, 10 Met. 305. But by Gen. Sts. *c.* 99, § 18, upon the proof of claims against the estate before the commissioners, separate lists are to be made of copartnership and individual claims; and in making a dividend, the court must order the joint and separate estate to be distributed in the same manner, between the different classes of creditors, as is provided in the case of debtors under the insolvent laws.

Mr. Phillips, the defendant's testator, died in 1859, and the commission, under which the plaintiff's claim was presented, issued January 14, 1860. The return of the commissioners was not made when the General Statutes took effect. Under these circumstances, we think the proceedings in this case were rightly conducted in conformity with the General Statutes. The change in the law related to the remedy merely, and, upon the principles fully discussed and stated in *Simmons* v. *Hanover*, 23 Pick. 194, it was competent for the legislature to make it. The debt was not in any manner discharged, nor the liability of Phillips affected. The new provision related to the priority given to different creditors in the distribution of different portions of the estate. It only placed the appellant in precisely the same condition as if the distribution had been made in the lifetime of Phillips.

A case very analogous is *Bigelow* v. *Pritchard*, 21 Pick. 169. That was an action by the assignees of an insolvent debtor against an officer, who held property of the insolvent, attached

on mesne process, which he refused to deliver to the assignees. The debt on which the attachment was made was contracted before the passage of the insolvent laws, but the attachment was made after; and it was held that the attaching creditor had no vested interest in the remedy, and that the attachment was dissolved. Nor is this case within the saving clause of Gen. Sts. *c.* 181, § 4. The appellant had no rights " accruing, accrued or established," in any particular mode of distribution of the different parts of the insolvent's estate, when the General Statutes took effect, and modified the remedy. A similar clause in the insolvent law of 1838 was relied on by the defendant in *Bigelow* v. *Pritchard,* but was held of no avail.

If the appellant had proved his debt before the commissioners, and their report had been made and accepted before the 1st of June 1860, his case would have stood very differently.

We are also of opinion that the appellant's claim was properly included in the list of partnership debts. Whether the original allowance of it as a claim against the partnership was correct, is perhaps not free from doubt. *Ex parte Apsey,* 3 Bro C. C. 265, is an authority to the contrary. The payment of money by Phillips to his firm was not authorized by law, or consistent with his duty as assignee, and created no privity of contract between the firm and the new assignee. But the appellant treated it, with the consent of all parties concerned, as a debt due the estate; proved it as such against the partnership, and received a large dividend. No doubt Phillips was liable to make good any deficiency. But the question here is not as to the liability of Phillips. That is fully secured by the establishment of the liability of the firm of which he was a member. But there was no contract which entitles the creditor to a double proof, as against other private creditors of Phillips. It was at best a case for election, and the election has been made. 1 Deac. Bankr. Laws, 691. The right of satisfaction from the private estate of Phillips stands on the same ground as from the private estate of either of the other partners; and equity will postpone it until their private creditors have first been paid in full.

*Decree of the judge of probate affirmed.*